UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**GERALD E DAY**                                    **CASE NO. 2:25-CV-00162**

**VERSUS**                                          **JUDGE JAMES D. CAIN, JR.**

**AMERICAN SECURITY INSURANCE CO**                  **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss" (Doc. 9) filed by Defendant, American Security Insurance Company ("ASIC") wherein ASIC moves to dismiss this lawsuit because Plaintiff, Gerald E. Day, has failed to state a claim for which relief can be granted.

## BACKGROUND

This lawsuit involved a residential dwelling fire, which resulted in a total loss of Plaintiff's home. The subject property was owned by Plaintiff, Gerald Day. ASIC issued a Residential Dwelling Certificate to Wells Fargo Bank, N.A ("Wells Fargo") for the property because Plaintiff failed to secure an insurance policy are required by his mortgage agreement with Wells Fargo.[1] The policy names only Wells Fargo as the insured and does not identify any additional insureds. Mr. Day is identified only as the "borrower."[2] Plaintiff sought to recover the policy limits but was denied coverage by ASIC because the force placed policy did not include Mr. Day as an insured or additional insured.

---

[1] Defendant's exhibit 1, p. 2.
[2] *Id.*, p. 5.

## RULE 12(b)(6) STANDARD

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund v. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## LAW AND ANALYSIS

ASIC maintains that Plaintiff has failed to allege specific facts to show that he is entitled to recover an amount in excess of Wells Fargo's interest, and thus, he has failed to allege facts to show that he is a third-party beneficiary of the insurance contract with contractual standing to sue. Specifically, ASIC complains that Plaintiff has failed to allege the principal and interest due on his mortgage, as of the date of the loss that would establish

that he is the direct payee of any insurance policy benefits as a third-party beneficiary. ASIC posits that Plaintiff must either amend his pleadings to allege this element of his claim, or his lawsuit is subject to dismissal. *Williams v. Integon Nat'l Ins. Co.*, 2025 WL 899943 (5th Cir. Mar. 25, 2025).

The Louisiana Supreme Court has established three criteria in determining third-party beneficiary status: (1) stipulation for a third party must be manifestly clear, (2) there must be certainty as to the benefit provided, and (3) the benefit must not be a mere incident of the contract. *Joseph v. Hosp. Serv. Dist. No. 2 of Par. Of St. Mary*, 939 So.2d 1206, 1212 (La. 10/15/06).

The policy provides the "Mortgagee's Interest Protection Residential Property Louisiana Replacement Cost Endorsement 1" provision:

> It is understood and agreed that throughout this Certificate **you** and **your** refer to the financial institution as **named insured** and the **borrower** shown in the Declarations.[3]

The policy also provides the following Louisiana Replacement Cost Endorsement with respect to payments:

> 12.  Loss Payment.
>
> * * *
>
> c.  Loss will be made payable to the named insured and the borrower as their interest appear, either by a single instrument or by separate instruments payable respectively to the named insured and the borrower, at our option . . . .[4]

---

[3] *Id.* p. 20.
[4] *Id.*

ASIC acknowledges that Plaintiff is a potential third-party beneficiary of the ASIC policy but complains that he has failed to plead and prove that the recoverable loss amount on his fire claim exceeds Wells Fargo's interest in the insurance proceeds. Plaintiff relies on his allegation that the home was a total loss, and that the policy provides that he is entitled to receive insurance proceeds for losses exceeding Wells Fargo's interest, defined as the "net loan balance."[5]

The Court has carefully reviewed Plaintiff's Complaint and notes that it does not allege any facts to suggest that any recoverable loss amount on Plaintiff's fire claims exceeds Well Fargo's interest in the insurance proceeds. The Complaint only alleges that no payments have been issued for the claim.[6] However, the Court is hesitant to dismiss the lawsuit at the juncture, and instead, will allow Plaintiff to amend his Complaint to address and cure the deficiencies noted herein.

Next, ASIC argues that Plaintiff is not entitled to a bad faith claim under Louisiana Revised Statute 22:1892 because he does not have a valid underlying claim upon which insurance coverage is based, citing *GeoVera Specialty Ins. Co. v. Joachin*, 2019 WL 8273471, at *9 (E.D. La. June 28, 2019), *aff'd* 964 F.3d 390, 395 (5th Cir. 2020); *Lee v. Sapp*, 234 So.3d 122, 131 (La.App. 4 Cir. 2017), *writ denied* 269 So.3d 709 (La. 2018); *Bradley v. Allstate Ins. Co.*, 620 F.3d 509, 528 (5th Cir. 2010).

ASIC also contends that Plaintiff is not an insured, but is a third-party beneficiary, non-insured claimant, who lacks standing to recover penalties under the Louisiana bad faith

---

[5] *Id.* p. 7.
[6] Complaint, ¶ III (11)

statutes citing *Team Contractors, L.L.C. v. Waypoint Nola, L.L.C.*, 780 Fed. App'x 132, 134-35 (5th Cir. 2019); *Aguillard v. Am. Sec. Ins. Co.*, 2023 WL 2521052, at *7 (W.D. La. Mar. 14, 2023).

Plaintiff argues that he is entitled to his bad faith claims under Louisiana Revised Statute 22:1892 as a party in interest citing *Lamar Advertising Company v. Zurich American Insurance Company*, 473 F.Supp.3d 632 (2020). Considering the Court's previous conclusion that Plaintiff must amend his Complaint, the Court will defer ruling on this issue at this time.

## **CONCLUSION**

For the reasons set forth herein the Motion to Dismiss (Doc. 9) will be denied as to ASIC's request to dismiss the lawsuit and Plaintiff's bad faith claim but will be granted to the extent that Plaintiff must amend his Complaint to allege sufficient facts to establish a valid covered claim.

**THUS DONE AND SIGNED** in Chambers on this 20th day of May, 2025.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**